# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JASON NORTON,

        Petitioner,         Case Number: 08-13200

v.         HON. MARIANNE O. BATTANI

JOHN BOYNTON,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY

Michigan prisoner Jason Norton has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for perjury. For the reasons stated below, the Court concludes that Petitioner has not properly exhausted his state court remedies and dismisses without prejudice the petition for a writ of habeas corpus.

## I. INTRODUCTION AND BACKGROUND

Petitioner filed his *pro se* application for the writ of habeas corpus in this Court on July 24, 2008. The habeas petition asserts the following four grounds for relief:

> [The] [t]rial court erred in admitting the prior sworn testimony of an unavailable witness in violation of Mr. Norton's right to confront the witness against him and later allowing the prosecution to re-open its proofs and allow the same witness to testify live.
>
> Mr. Norton was denied his right to [a] fair trial where a testifying officer gave his own opinion about whether Mr. Norton was telling the truth.
>
> . . . . Mr. Norton was denied the effective assistance of his attorney for counsel's failure to preserve the issues in this appeal

Mr. Norton's conviction is/or was obtained through [the] use of perjured testimony.

Respondent argues in an answer to the habeas petition that Petitioner did not exhaust state remedies for his fourth claim and that Petitioner still has an available remedy. Petitioner subsequently asked for and was granted leave to amend his complaint to delete his unexhausted fourth claim from the habeas petition.

## II. STATE COURT PROCEEDINGS

Following Petitioner's convictions and sentencing in Livingston County Circuit Court, Petitioner filed an appeal of right in the Michigan Court of Appeals. He raised five claims:

I. The trial court erred in admitting the prior sworn testimony of an unavailable witness in violation of Mr. Norton's right to confront the witnesses against him as explained in Crawford v. Washington, 541 U.S. 36 (2004), and later allowing the prosecution to reopen its proofs and allow the same witness to testify live.

II. Mr. Norton was denied his right to a fair trial where a testifying officer gave his opinion about whether Mr. Norton was telling the truth in a prosecution of perjury.

III. The trial court erred in assessing court appointed attorney fees in the judgment of sentence despite Mr. Norton's indigence.

IV. The trial court erred in stating in the judgment of sentence that Mr. Norton's conviction would be consecutive to subsequent felony conviction but also stated that the sentences would be "concurrent w/ea other."

V. Mr. Norton was denied the effective assistance of his attorney for counsel's failure to preserve the issue in this appeal."

The Michigan Court of Appeals affirmed Petitioner's conviction in part. People v. Norton, No. 273087 (Mich. Ct. App. March 18, 2008). The court of appeals vacated the trial court's assessment of attorney fees and remanded Petitioner's case to the trial

2

court for reconsideration of that issue and to correct a typographical error in the amended judgment of sentence.

Norton subsequently attempted to file an application for leave to appeal in the Michigan Supreme Court. However, on July 1, 2008, the state supreme court rejected Petitioner's application because it was not filed within fifty-six days of the lower court's decision, as required by Michigan Court Rule 7.302(C)(2). Petitioner then filed the pending petition for a writ of habeas corpus, in which he dropped claims III and IV.

### III. STANDARD OF REVIEW

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." Prather v. Rees, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan, 526 U.S. at 845 (internal quotation omitted). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. See Welch v. Burke, 49 F.Supp.2d 992, 998 (E.D. Mich. 1999); see also Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

### IV. ANALYSIS

The Michigan Rules of Court provide a process through which Norton may raise his unexhausted claims. He may file a motion for relief from judgment, pursuant to Michigan Court Rule 6.500 in the state trial court. Petitioner may then appeal the trial court's decision to the state appellate courts if necessary.

Under federal habeas law, a petitioner is entitled to relief only if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. See 28 U.S.C. § 2254(d). If this Court were to review the claims presented, the state courts would be denied the deference to which they are entitled. Therefore, the Court concludes that the state courts must first be given a fair opportunity to rule upon Petitioner's claims.

## V. CONCLUSION

Accordingly, the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.** Because this decision is adverse to the petitioner, the Court is obliged under Rule 11 of the Rules Governing Section 2254 Proceedings to "issue or deny a certificate of appealability."

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

4

deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be dismissed without prejudice. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

                                                s/Marianne O. Battani
                                                MARIANNE O. BATTANI
                                                UNITED STATES DISTRICT JUDGE

Date: October 20, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served upon Petitioner and counsel of record on this date by ordinary mail and/or electronic filing.

                                                s/Bernadette M. Thebolt
                                                Case Manager